UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-01362-KK-SPx** | Date: | November 4, 2025 |
|---|---|---|---|
| Title: | *Christian Daniel Rilloraza v. 7-Eleven, Inc. et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I.
## PROCEDURAL HISTORY

On May 29, 2025, plaintiff Christian Daniel Rilloraza ("Plaintiff") filed a Complaint against defendants 7-Eleven, Inc. and 7-Eleven Store No. 29694 ("Defendants"), asserting claims under the Americans with Disabilities Act. ECF Docket No. ("Dkt.") 1. Pursuant to the Federal Rules, Plaintiff had until August 27, 2025, to serve Defendants with the Complaint and summons, see Fed. R. Civ. P. 4(m), but failed to do so. Hence, on September 25, 2025, the Court issued an order to show cause as to why this action should not be dismissed for failure to prosecute. Dkt. 19.

On September 29, 2025, Plaintiff responded to the Court's order to show cause with a motion requesting service by the United States Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3). Dkt. 20. On October 3, 2025, the Court granted Plaintiff's motion, Dkt. 21, directed the Clerk of Court to issue the requested summons, id., and provided Plaintiff with instructions on how to effectuate service through the United States Marshals Service, Dkt. 22, Order.

Pursuant to the Court's October 3, 2025 Order, "to accomplish service," Plaintiff was required to "complete a separate USM-285 form for each defendant listed in the Service Order and send the completed forms to the clerk of court." Order at 1. The Court further ordered Plaintiff to "file with the clerk of court a Notice of Submission indicating that the completed USM-285 form(s) have been provided to the clerk of the court" "**[n]o later than twenty-one (21) days** after the date

of" the Order.  Id. at 2.  The Court expressly warned that if Plaintiff did not "submit the completed USM-285 forms and file the Notice of Submission **within twenty-one (21) days** of the date of" the Order, Plaintiff's action would be "dismiss[ed] without prejudice for [] failure to comply with the Court's order and Plaintiff's failure to prosecute."  Id.

To date, Plaintiff has not filed the Notice of Submission.  Plaintiff has, thus, failed to diligently prosecute this matter and is in violation of the Court's October 3, 2025 Order.  See Order.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders.  See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order).  In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not filed the Notice of Submission necessary to effectuate service of process against Defendants nor requested an extension of time to do so.  See Order.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See Order.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

      The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown they are either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

      Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Order at 2.

### III.
### CONCLUSION

      Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

      **IT IS SO ORDERED.**